## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**ROBERT GLASS**                                                                                          **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 4:13CV166-HTW-LRA**

**THE UNITED STATES DEPARTMENT OF JUSTICE**                       **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter came before the Court on the Motion to Proceed *In Forma Pauperis* [ECF No. 2] filed on October 22, 2013, by Robert Glass [hereinafter "Glass" or "Plaintiff"]. Glass filed a Complaint against the U.S. Department of Justice [hereinafter "Defendant"]. The Complaint asserts that Plaintiff is an adult resident citizen of Lauderdale County, Mississippi, and Defendant is from Washington, D. C.

According to Plaintiff's Motion to Proceed *In Forma Pauperis*, he has been disabled since 1995 and receives disability income in the approximate amount of $722 per month. His monthly expenses are difficult to decipher from this financial affidavit, but the Court notes that his income is approximately the same as his expenses. He has no appreciable assets or property. If only his income and expenses are reviewed, Plaintiff may be entitled to proceed without the prepayment of fees. However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Plaintiff's Complaint [ECF No. 1] does not state a grounds for jurisdiction. He filled out a form complaint with handwritten allegations, and his handwriting is difficult for the undersigned to decipher. Under the "Facts" section, he states as follows:

> From people and government violating my constitutional right & individual personal civil liberties and to enjoy my own money from [illegible] peace.

On the front page, Glass wrote:

> I fill out 2 other down here already the same way here; it's a legitimate suit here which courthouse suppose to process you can just go around violating people con- ... process this suit like rest its legitimate here and court comes when it comes here!

On an attached page 3, Glass stated:

> If the court don't go ahead & file my legitimate [ ] here I got another lawyer coming soon here & he might be contacting you here at the courthouse. you can't let someone get away with violating my constitutional rights & personal & individual civil liberties here & personal freedom. I filled this application out just like the other 2 & it's a legitimate basis. I fill this out just like other 2 process my suit here so it will already be down here. I will have other attorneys here do he need to do these things & ask why you didn't let me do it here. I fill it out just like other 2 here & yes I did follow direction read everything as usual. I got a good legitimate suit here. I got a sender card I can give to my attorney which I don't think got delivered to the District of Columbia Bar Association file my suit here it's legitimate & wasn't no one even dam employed you know it's legitimate. my attorney still want to know why court didn't process my legitimate suit here. hell no one was even dam employed process my suit here everything was done [ ] done first 2 here   U.S. Marshal service & US postal service.   4:07-000-80.
>
> Process my suit here I done it properly here. are my lawyer came do it here later & want to know why you couldn't process it for me here my situation is the same when I filed the first 2 2007 & 2009. I got sender card here I sent this by & call & check I got a legitimate suit here misconduct unethical procedure & bad ethics & corruption probably file my legitimate suit here I don't file frivolous lawsuits here.  This a complaint also sender card was signed by J. Carroth he is employed here [ ] longer got these cards & I call also to check my suit is legitimate here so file & process it here. I read & signed everything as it said here! Me are my lawyer will file this I already filed 2 with no problem here. Come for other [ ] when judge get to my docket. I file my suit here legitimate.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails

to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002). The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2). *Id.*

The Plaintiff is prosecuting this case *pro se.* Therefore, his pleadings must be liberally construed. *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997). Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 239 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under any rule of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Although a court must assume all well-pleaded allegations in the complaint as true the court need not assume as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The Court in *Iqbal* established the following two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted.  First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal,* 129 S.Ct. at 1950.  Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.  The "plausibility standard" of Rule 8 applies to all civil actions and must be met in order to survive a motion to dismiss.  *Iqbal*, 129 S.Ct. at 1953-54.

The undersigned has reviewed Plaintiff's complaint under Rule 8 and finds that Plaintiff has plead no more than legal conclusions.  He concludes that this Defendant has violated his constitutional rights and his "individual & personal civil liberties & to enjoy my own money ...."  [ECF No. 1, p. 2].  Yet, he does not explain how the Justice Department violated his rights and what precise actions were taken against him.  The Complaint is void of *any factual basis* to establish that the Department violated his constitutional rights.

Plaintiff seems to attempt to appeal two of his prior cases in this Court, *Glass v. U.S. Marshal Service, et al.*, Civil Action No. 4:07cv80-HTW, and *Glass v. United States Postal Service,* Civil Action No. 4:09cv13-DPJ.  Both of these cases were dismissed, one by Order entered on July 30, 2012, (4:07cv80)  and the other by Order entered on May 11, 2010 (4:09cv13).  Plaintiff's remedy was to appeal the orders dismissing these cases to the Fifth Circuit Court of Appeals; filing another suit in this Court is not the appropriate method to seek further relief on these claims.

Plaintiff refers to his attorney throughout his pleading, implying that his attorney will assist him in the future in filing this lawsuit.  Perhaps Plaintiff's attorney could help Plaintiff redraft his Complaint, and they could refile it after amendments have been made.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed under 28 U.S.C. § 1915(e)(2)(b) for failing to state a claim on which relief may be granted.  If Plaintiff submits a proposed Amendment to his Complaint on or before **December 3, 2013**, which does state a proper claim and basis for jurisdiction, Plaintiff should be allowed to proceed.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 14th day of November 2013.

                                                          s/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE